UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-02532-UA (OP) | Date | April 29, 2013 |
|---|---|---|---|
| Title | Raymond Clark v. Dawn Alexander, et al. | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | |
|---|---|---|
| As assigned | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS: ORDER TO SHOW CAUSE**

# I.
# Proceedings

On April 10, 2013, Raymond Clark ("Plaintiff") lodged for filing a Civil Rights Complaint pursuant 42 U.S.C. § 1983 ("Complaint"). (ECF No. 1.) On April 12, 2013, Plaintiff lodged for filing a First Amended Civil Rights Complaint ("FAC"). (ECF No. 2.) However, Plaintiff has failed to pay the full filing fee of $350 and has failed to submit an *in forma pauperis* application in order to proceed without payment of the full filing fee.

Further, in accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court must examine a complaint for the purpose of determining whether the action is frivolous or malicious fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, regardless of whether a prisoner prepays filing fees or requests to proceed *in forma pauperis*. See 28 U.S.C. §§ 1915(e)(2), 1915A(a), (c); 42 U.S.C. § 1997e(c)(1). Review under § 1915(e) for failure to state a claim is governed by the same standard applied in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-02532-UA (OP)** | Date | **April 29, 2013** |
|---|---|---|---|
| Title | **Raymond Clark v. Dawn Alexander, et al.** | | |

## II.
## Discussion

### A.   Summary of Plaintiff's Allegations.

In the FAC, Plaintiff names as Defendants Los Angeles County Superior Court clerks Dawn Alexander and Alice M. Thompson, and Los Angeles County Sheriff's Department employees Hinton and Caldwell.  Plaintiff appears to allege that Defendants Alexander and Thompson improperly rejected for filing a civil rights complaint Plaintiff attempted to file in the superior court.  He also appears to allege that Defendants Hinton and Caldwell prevented Plaintiff from filing a habeas corpus petition in the California Supreme Court.

### B.   Quasi-Judicial Immunity.

Judges are absolutely immune from suit for acts performed in a judicial capacity.  See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 & n.10, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993); Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 357-60, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts."); see also Mullis v. Bankr. Ct. for the Dist. of Nev., 828 F.2d 1385, 1394 (9th Cir. 1987) ("The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief."); but see Pulliam v. Allen, 466 U.S. 522, 541-42, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984) (state officials enjoy judicial or quasi-judicial immunity from damages only).  Importantly, court personnel have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process. Cleavinger v. Saxner, 474 U.S. 193, 200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985); Mullis v. United States Bankr.Ct., 828 F.2d 1385, 1390 (9th Cir. 1987) (finding that court clerks have absolute quasi-judicial immunity for filing decisions); see also In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002); Rodriguez v. Weprin, 116 F.3d 62, 66-67 (2d Cir. 1997) (court clerks entitled to quasi-judicial immunity for harms related to scheduling an appeal, even if that discrete task is viewed as administrative, because "court's inherent power to control its docket is part of its [judicial] function.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-02532-UA (OP)** | Date | **April 29, 2013** |
|---|---|---|---|
| Title | **Raymond Clark v. Dawn Alexander, et al.** | | |

As set forth above, the FAC appears to allege that Defendants Alexander and Thompson improperly rejected for filing a civil rights complaint Plaintiff attempted to file in the superior court. Given the nature of the allegations, it appears that Defendants would be entitled to quasi-judicial immunity. Thus, the claims against them would be subject to dismissal.

**C.     First Amendment Access to Courts Claim.**

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed.2 d 72 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828; see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999); Keenan v. Hall, 83 F.3d 1083, 1093-94 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

The right of access to the courts is limited to the filing of non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. Lewis, 518 U.S. at 353 n.3 & 354-55; Madrid, 190 F.3d at 995. More importantly for purposes herein, however, the Constitutional right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with a court. Lewis, 518 U.S. at 354-55; Madrid, 190 F.3d at 995; Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action."). The right of access to courts also applies to prison grievance proceedings. See Bradley, 64 F.3d at 1279.

To establish a violation of the right of access to courts, a prisoner must establish that he has suffered an actual injury. Lewis, 518 U.S. at 349; Madrid, 190 F.3d at 996. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348; see also Madrid, 190 F.3d at 996; Keenan, 83 F.3d at 1094.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-02532-UA (OP)** | Date | **April 29, 2013** |
|---|---|---|---|
| Title | **Raymond Clark v. Dawn Alexander, et al.** | | |

As set forth above, the FAC appears to allege that Defendants Hinton and Caldwell prevented Plaintiff from filing a habeas corpus petition in the California Supreme Court. However, the Court's independent review of the California Courts' website reveals the following: (1) on February 1, 2013, Plaintiff filed a habeas corpus petition in the state supreme court, case number S208463, which was denied on March 13, 2013; (2) on March 6, 2013, Plaintiff filed a petition for writ of mandate/prohibition in the state supreme court, case number S209078, which was denied on March 27, 2013; and (3) on April 12, 2013, Plaintiff filed a habeas corpus petition in the state supreme court, case number S210005, which is currently pending. (Official Records of California Courts.[1]) Given that Plaintiff has been able to file the aforementioned petitions in the state supreme court, it appears that there is no "actual injury" to support an access to courts claim against Defendants. Thus, any such claim against them would be subject to dismissal.

### III.
### Conclusion

Based the foregoing, Plaintiff is ordered to show cause on or before May 31, 2013, why he should not be required to submit the required filing fee of $350. Alternatively, Plaintiff may submit the filing fee to the clerk's office prior to that date or submit an *in forma pauperis* application in order to proceed without payment of the full filing fee. Plaintiff is admonished that the failure to properly respond to this OSC will result in a recommendation of dismissal of this action without prejudice.

Further, as set forth above, regardless of whether Plaintiff pays the filing fee, it appears that the claims alleged in the FAC would be subject to dismissal. If Plaintiff still wishes to pursue this action, he shall also have until May 31, 2013, to file an amended Complaint, attempting to cure the defects in the FAC. The amended Complaint shall be complete in itself and must remedy the deficiencies discussed herein.
/ / /

---

[1] The Court takes judicial notice of the state appellate court records for Plaintiff's cases, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-02532-UA (OP)** | Date | **April 29, 2013** |
|---|---|---|---|
| Title | **Raymond Clark v. Dawn Alexander, et al.** | | |

Failure to comply with the requirements of this OSC will result in a recommendation that the *in forma pauperis* application be denied for failure to state a claim on which relief may be granted. The failure to properly respond to this OSC will result in a recommendation that the *in forma pauperis* application be denied for failure to prosecute and/or failure to comply with a court order.

The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and a blank *in forma pauperis* application.

**IT IS SO ORDERED.**

cc: All Parties of Record

                                                     Initials of deputy clerk     jh-relief